A92A1888. IN THE INTEREST OF L. L., a child.
(429 SE2d 156)

BIRDSONG, Presiding Judge.

L. L. appeals from the juvenile court's finding of delinquency. He alleges that the State failed to prove every essential element of the crime with which he was charged and that the juvenile court erred by allowing the State's expert witness to testify that a substance was a "dangerous drug" within the meaning of OCGA § 16-13-71.

The evidence shows that at school L. L. found a film canister containing a white powder. L. L. showed the canister containing the powder to some of his fellow students, discussed what the substance might be with them, told some it might be cocaine, and allowed some of the students to taste the substance. The students who tasted the substance said that it tasted like Alka Seltzer, or ground up aspirin, or Tylenol. After one of the students told the principal that L. L. had the substance, the principal spoke with L. L. about the canister, and, although first denying information about the canister, L. L. related to the principal that he had found the canister, showed it to his friends as discussed above, and threw the canister away. With L. L.'s assistance, the principal retrieved the canister, and called the police. Later, a police officer field tested the substance in the canister and it tested positive for cocaine.

Subsequently, the crime laboratory tested the substance and found it to be not cocaine but diphenhydramine, which is listed as a dangerous drug (OCGA § 16-13-71 (b) (299)), but is also the active ingredient in sleep aids and antihistamines and sold under brand names such as Benadryl, Equate, and Tylenol PM. Indeed, possession of "Diphenhydramine — up to 12.5 mg. in each 5 cc's when used in cough preparations and up to 50 mg. per single dose when used as a nighttime sleep aid or used as an antihistamine and labeled in compliance with FDA requirements" are "exceptions to and exemptions from subsection (b) of this Code section." OCGA § 16-13-71 (c) (8). As the labeling requirements do not apply to consumers (21 USC § 352; see *United States v. Articles of Drug*, 306 FSupp. 247 (D. Colo. 1969), the State was obligated to prove L. L. possessed more than 50 mg. of the drug.

At trial, the State called the expert witness who tested the substance in the canister. This witness testified that although he had tested the drug, he had not weighed the drug and could not testify, based upon accurate measurements, whether the amount of the drug was less than the amount excepted in OCGA § 16-13-71 (c) (8). Instead, the witness gave a "fair guess" that he estimated the substance "to be in the neighborhood of four to five hundred milligrams, which is four or five tenths of one gram." The expert also testified that based upon his experience the substance he tested was either from Benadryl or some other over-the-counter drug and the amount he tested is the "typical amount" for a single capsule of over-the-counter medication. *Held*:

Assuming arguendo, without deciding, that the child's conduct in these circumstances might rise to the level of "possessing" a dangerous drug as proscribed by OCGA § 16-13-72, we nevertheless find, under the circumstances of this case, the State has not proven its case on possession of the dangerous drug. Possession of "up to 50 mg. per single dose when used as a nighttime sleep aid or used as an antihistamine and labeled in compliance with FDA requirements" is an exception to the prohibition in the statute, and the State did not prove with competent evidence that L. L. possessed more than 50 mg. of the drug. The State's expert's *guess* about the weight of the drug is not competent evidence. Further, even the expert's guess was inconsistent because he testified that the amount he tested was the "typical amount" of one capsule of over-the-counter medication, i.e., the amount exempted by OCGA § 16-13-71 (c) (8). Therefore, the State has simply failed to present competent evidence necessary to establish L. L.'s guilt.

Having reviewed the evidence in the light most favorable to the juvenile court's determination, we conclude that no rational trier of fact could have found the defendant guilty of the crimes for which he

was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment reversed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 12, 1993.

*Joel E. Williams, Jr.*, for appellant.

*Dupont K. Cheney, District Attorney, Mark S. Daniel, Assistant District Attorney*, for appellee.